[Cite as *Brown-Austin v. S. Ohio Corr. Facility*, 2026-Ohio-2873.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| YUSUF Y. BROWN-AUSTIN | Case No. 2025-00781PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>ENTRY</u> |
| SOUTHERN OHIO CORRECTIONAL FACILITY | |
| Respondent | |

{¶1} On April 28, 2026, in this public-records case, in accordance with this court's order, a special master issued a supplemental report and recommendation (supplemental R&R) related to requester's motion for contempt. In the supplemental R&R the special master recommends that the court: (1) find that respondent satisfied an order contained in the court's decision and entry (D&E) of December 18, 2025, to produce copies of the records described in the original report and recommendation (R&R); (2) find that respondent satisfied the D&E order to produce security level documents subject to lawful redactions; (3) find that respondent failed to satisfy the D&E order to reimburse requester for his filing fee; (4) conclude that requester's motion for contempt is moot as to the production of records; and (5) conclude by clear and convincing evidence that respondent is in contempt as it relates to the reimbursement of the filing fee or provide respondent with a date by which it could preemptively purge any finding of contempt, which would then render moot requester's entire motion for contempt.

{¶2} Under R.C. 2743.75(F)(2), either party may object to a report and recommendation within seven business days of receiving it. *See* R.C. 2743.75(F)(2). A review of the docket reveals that, on May 2, 2026, requester received the supplemental R&R. On May 18, 2026, requester filed written objections. Because more than seven business days elapsed before requester filed written objections, requester's objections

are untimely and will not be considered. Additionally, the certificate of service attached to requester's objections states that the objections were sent by regular mail to respondent's counsel. Requester thus has failed to show that his objections were sent "to the other party by certified mail, return receipt requested" as mandatorily required under R.C. 2743.75(F)(2). *See White v. Ross Corr. Inst.,* 2026-Ohio-1002, ¶ 28 (10th Dist.). Therefore, even if requester's objections were timely, under the authority of *White* at ¶ 25-28, the court finds that requester's objections were not served in accordance with the mandatory requirements of R.C. 2743.75(F)(2). *Accord Morris v. City of Cleveland*, Ct. of Cl. No. 2025-00959PQ (Mar. 31, 2026). A review of the docket discloses that respondent has not filed a response to requester's written objections.

{¶3} On May 11, 2026, respondent, through counsel, timely filed objections to the supplemental R&R, asserting that it has taken all the necessary steps to reimburse requester for his filing fee and, consequently, the court should not find that it is in contempt. Respondent attached documentation showing that the Ohio Department of Rehabilitation and Correction (ODRC) instructed the Office of Budget Management (OBM) to pay Brown-Austin $25.00 on April 30, 2026. Respondent also produced an affidavit of Kristen Devenny, an employee of ODRC, who averred that ODRC took all the steps necessary to have OBM reimburse requester for his filing fee. Requester did not file a response to respondent's objections.

{¶4} On objections, a primary issue before the court is whether respondent should be held in contempt of the court's order to reimburse requester for his filing fee. Sanctions for civil contempt are designed for remedial or coercive purposes. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555 (2001). "'[B]ecause the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot.'" *In re J.C.*, 2024-Ohio-343, ¶ 18 (8th Dist.), quoting *Robinette v. Bryant*, 2015-Ohio-119, ¶ 47 (4th Dist.); *see also Sullivan v. Sullivan*, 2020-Ohio-5036, ¶ 17 (2nd Dist.); *Darr v. Livingston*, 2017-Ohio-841, ¶ 15 (10th Dist.), citing *Williamson v. Cooke*, 2007-Ohio-493, ¶ 12 (after a party complies with the underlying court order, civil contempt proceedings become moot). Here, respondent submitted evidence that ODRC instructed OBM to remit payment to requester in the amount of $25.00. Because respondent is in substantial compliance with

the court's order to reimburse requester for his filing fee, the court finds that the motion for contempt is rendered moot.

{¶5} Accordingly, the court MODIFIES the supplemental R&R to find that respondent is in substantial compliance with the court's D&E. The motion for contempt is therefore rendered moot.  The court ADOPTS the supplemental R&R, as modified.  The court DENIES the motion for contempt as moot.  Court costs are assessed against respondent.

_____
LISA L. SADLER
Judge

**Filed June 1, 2026**
**Sent to S.C. Reporter 7/27/26**